UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MICHAEL STEVENS, | No. 2:24-cv-03138 WBS SCR P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| CDCR DIRECTOR, et al., | |
| Defendants. | |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's first amended complaint ("FAC") is before the undersigned for screening under 28 U.S.C. § 1915A.[1] (ECF No. 13.) For the reasons set forth below, plaintiff's FAC fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff will be given thirty (30) days to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. (ECF No. 3.) Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. <u>See</u> 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. This means that plaintiff is allowed to pay the

---

[1] Plaintiff filed the FAC before the undersigned screened the original complaint.

1

1  $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather
2  than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to
3  remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A
4  separate order directed to CDCR requires monthly payments of twenty percent of the prior
5  month's income to be taken from plaintiff's trust account. These payments will be taken until the
6  $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## STATUTORY SCREENING

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2

**PLAINTIFF'S FAC**

The events underlying plaintiff's FAC occurred at the California Medical Facility ("CMF"). The FAC names seven defendants: (1) California Department of Corrections and Rehabilitation ("CDCR") Director' (2) Governor Gavin Newsom; (3) Hardman, a CDCR Correctional Officer ("C/O"); (4) Captain Strickland; (5) Assistant Warden Hurtado; (6) CMF Chief Medical Director; and (7) Lt. Ladezma. (ECF No. 13 At 1.)

Plaintiff alleges that around January 2022, Defendant Hardman, a union spokesman, told him that the CDCR Officers Union would not vote for Newsom in the recall if he did not stop mandatory Covid shots. Governor Newsom then stopped the mandatory order for CDCR officers to get Covid shots. (ECF No. 13 at 2.) Plaintiff ended up getting Covid-19 two times and was sent to quarantine. Plaintiff alleges that an unnamed C/O tested positive at the door and was escorted out. It was too late and Covid spread through CMF. Defendants CDCR Director and CMF Medical Director did not advocate for the inmates. (Id. at 2-3.) The facility downplayed inmate symptoms and passed blankets from unit to unit. (Id. at 3.) Plaintiff seeks $20 million in compensatory damages, $20 million in punitive damages, and fees and costs. (Id. at 5.)

**LEGAL STANDARDS**

**I.      42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

**II.     Linkage**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's

3

"personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

### III. Eighth Amendment Substantial Risk of Serious Harm

The Eighth Amendment's prohibition against "cruel and unusual punishments" imposes duties on prison officials to provide "humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). The Amendment's protections extend to "condition[s] of confinement that [are] sure or very likely to cause serious illness and needless suffering" in the future. Helling v. McKinney, 509 U.S. 25, 32 (1993).

In such circumstances, it is a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate" that violates the Eighth Amendment. Farmer, 511 U.S. at 828. This type of Eighth Amendment claim has an objective component and a subjective component. First, an inmate must allege that the risk was, objectively, "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). Second, the plaintiff must allege that the defendant official acted, subjectively, with "deliberate indifference" to his health or safety. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837.) The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842.)

### DISCUSSION

#### I. Failure to State a Claim

The undersigned construes the FAC as alleging defendants' lax approach to the Covid-19 pandemic constituted deliberate indifference to a substantial risk of serious harm under the Eighth

4

Amendment. At the screening stage, plaintiff's allegations regarding his involuntary exposure to Covid-19 and subsequent contraction of the illness satisfy the objective prong of the Eighth Amendment analysis. See Hampton v. California, 83 F.4th 754, 766 (9th Cir. 2023) (shelter-in-place orders and mask mandates punishable by law supported allegation of "intolerably grave" risks from involuntary exposure to Covid-19); Plata v. Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). However, plaintiff has not sufficiently alleged any defendant's deliberate indifference.[2]

First, the FAC does not adequately link defendant Hardman to the alleged Covid-19 risks. To the extent plaintiff faults Hardman for apparently lobbying Governor Newsom to end the CDCR vaccine mandate, that action is far too attenuated to support a finding of deliberate indifference. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand" screening.). Nor does the FAC contain any specific, non-conclusory facts from which to infer that the alleged rescission of that vaccine mandate caused plaintiff's illness and the spread of Covid-19 through CMF. For the same reasons, defendant Governor Newsom's alleged rescission of the vaccine mandate cannot support a finding of deliberate indifference.

Similarly, the claim that defendants CDCR Director and CMF Chief Medical Director "did not advocate for the inmates" is too vague and conclusory to show their deliberate indifference. See Ivey, 673 F.2d at 268. It is not clear whether plaintiff is referring to advocacy around the alleged CDCR vaccine mandate or CMF Covid-19 precautions more generally. As to the latter, "[c]ourts in this district repeatedly have held that a general allegation about a facility's lack of precautions to address COVID-19 fails to state a cognizable Eighth Amendment claim." Sanford v. Newsom, No. 1:22-cv-1100 ADA CDB (PC), 2023 WL 5516279, at *6 (E.D. Cal.

---

[2] The FAC does not state whether defendants are sued in their individual or official capacities. Because plaintiff seeks damages from state officials, the undersigned presumes plaintiff is pursuing individual-capacity claims because official-capacity claims would be barred by the Eleventh Amendment. See Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016) ("[W]hen a plaintiff sues a defendant for damages, there is a presumption that he is seeking damages against the defendant in his personal capacity.") (citation omitted).

5

Aug. 25, 2023) (collecting cases and finding complaint did not plead defendants' personal involvement in facility's lack of Covid-19 precautions). If plaintiff seeks to hold these defendants liable for supervisory actions, he must show that (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr, 652 F.3d at 1207 (citation omitted).

Finally, the FAC pleads no facts linking defendants Strickland, Hurtado, or Ladezma to the alleged Covid-19 risks. Although these three defendants appear on the FAC's caption, they are not mentioned again in the body of the complaint. While it is possible that these individuals appear in the over 100 pages of medical records and grievances that plaintiff submitted with his complaint (ECF No. 13 at 6-100) and in subsequent filings (ECF No. 15), "a court is not required to comb through a plaintiff's exhibits . . . to determine if the complaint states a plausible claim." Kesling v. Tewalt, 476 F. Supp. 3d 1077, 1083 (D. Idaho 2020).

## II.     Leave to Amend

Having conducted the screening required by 28 U.S.C. § 1915A, the undersigned finds that the FAC does not state a valid claim for relief pursuant to the Eighth Amendment against any of the seven defendants. The allegations against defendants Hardman and Governor Newsom are too attenuated and conclusory to show their deliberate indifference. Further, the FAC does not allege the personal participation of defendants CDCR Director or CMF Chief Medical Director in any clearly identified violation of plaintiff's rights. Finally, the FAC does not link defendants Strickland, Hurtado, or Ladezma to the underlying events at all. Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is advised to consider the legal standards governing his potential claims for relief that are provided above. If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983

6

unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Again, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is advised that although courts may consider exhibits properly incorporated by reference when screening a complaint, see Fed. R. Civ. P. 10(c), the undersigned will not comb through hundreds of pages of exhibits in search of possible claims. If plaintiff chooses to amend this complaint, he must state his claims clearly in the actual complaint and not rely on the voluminous exhibits to save his claim.

**PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR PARTY PROCEEDING WITHOUT A LAWYER**

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards provided above regarding your attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 3) is GRANTED.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

1    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
2    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
3    appropriate agency filed concurrently herewith.
4           3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28
5    U.S.C. § 1915A(b)(1), and will not be served.
6           4.  Within thirty (30) days from the date of service of this order, plaintiff may file an
7    amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of
8    Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket
9    number assigned this case, **2:24-cv-3138 WBS SCR P**, and must be labeled **"Second Amended**
10   **Complaint."**
11          5.  Failure to file an amended complaint in accordance with this order will result in a
12   recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil
13   Procedure.
14          6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint
15   form used in this district.
16   DATED: October 23, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE